USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/24/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AGE REVERSAL UNITY,

                Plaintiff,

-against-

NEW YORK UNIVERSITY, et al.,

                Defendants.

24-CV-4808 (MMG)

**ORDER OF DISMISSAL**

MARGARET M. GARNETT, United States District Judge:

    Ali Afshar, who is appearing *pro se*, filed this action on behalf of Age Reversal Unity, invoking the court's federal question jurisdiction. He brings this action against forty-one colleges and universities located in New York, seeking to compel them to "establish an undergraduate degree program in 'Immortality' at their respective institutions."[1] (ECF 1-1 ¶ 1.) By order dated July 17, 2024, the Court granted Afshar's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court DISMISSES the action.

### STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Ali Afshar, who resides in Houston, Texas, brings this action on behalf of Plaintiff Age Reversal Unity, which he describes as "a company dedicated to the advancement of human immortality as a scientific and academic discipline." Dkt. No. 1-1 ¶ 4. Named as defendants are: (1) New York University; (2) Cornell University; (3) Fordham University; (4) Columbia University; (5) Pace University; (6) Baruch College; (7) City College of New York; (8) Hostos Community College; (9) Lehman College; (10) College of Staten Island; (11) Wagner College; (12) Adephi University; (13) Garden City Five Towns College; (14) Hofstra University; (15) Long Island University; (16) Molloy University; (17) Rockville Centre St. Joseph's University; (18) Binghamton University; (19) University of Rochester; (20) State University of New York; (21) Buffalo State University; (22) Hunter College; (23) University at Albany; (24) Alfred University; (25) Purchase College; (26) Oswego Guttman Community College, Midtown Manhattan; (27) LaGuardia Community College; (28) Long Island DeVry University; (29) Plaza College; (30) Brooklyn College; (31) Kingsborough Community College; (32) Long Island University; (33) Medgar Evers College; (34) Pratt Institute; (35) St. Joseph's University; (36) St. Francis College; (37) Queensborough Community College; (38) Queens College; (39) St. John's University; (40) York College; and (41) City University of New York. Afshar

asserts that these institutional defendants have violated a general "right to life" under the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment, and committed "breach of public trust." Dkt. No. 1, at 2.)

For the facts of this case, Plaintiff asserts the following as "factual allegations":

> Immortality, as evidenced by the biological phenomenon observed in the "immortal jellyfish" (Turritopsis dohnii), represents a pinnacle of evolutionary achievement and a potential future for humanity.
>
> Despite significant public interest and scientific inquiry into the mechanisms of biological immortality, Defendants have failed to establish academic programs dedicated to the study and advancement of human immortality.
>
> Plaintiff contends that the establishment of an undergraduate degree program in immortality would significantly contribute to the advancement of human knowledge and well-being, potentially leading to breakthroughs in age reversal, genetic engineering, and other related fields.
>
> Defendants' refusal to create such a program constitutes a failure to fulfill their obligations to society and discriminates against the fundamental human right to life and the pursuit of immortality.

*Id*. at 5.

The Complaint seeks declaratory relief and an order compelling Defendants "to establish an undergraduate degree program in immortality." *Id*. at 6.

## DISCUSSION

The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer cannot bring suit on behalf of another entity. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). While "some courts allow sole proprietorships to proceed *pro se* [because] a

sole proprietorship has no legal existence apart from its owner," *Lattanzio*, 481 F.3d at 140 (citation omitted), courts generally do not allow corporations, partnerships, associations, and other "artificial entities" to appear in court without an attorney, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993).

Ali Afshar brings this action on behalf of Plaintiff Age Reversal Unity, which appears to be a corporation. He does not allege that he is an attorney, and he does not allege that Age Reversal Unity is a sole proprietorship. Because a corporate entity must appear through licensed counsel, Afshar cannot sue on behalf of Age Reversal Unity. *See Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*"); *Doré v. Wormley,* 690 F.Supp.2d 176, 185-86 (S.D.N.Y. 2010) (rejecting individual standing on behalf of an entity). As Age Reversal Unity cannot appear *pro se*, and Afshar alleges no facts suggesting that he seeks to assert claims in his individual capacity over which the Court may have subject matter jurisdiction, the Court dismisses this action without prejudice to any claims Age Reversal Unity may wish to assert on its behalf through licensed counsel.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Ali Afshar's filing of this *pro se* action on behalf of Plaintiff Age Reversal Unity cannot be cured with an amendment, the Court declines to grant Afshar leave to amend the complaint. Any future action filed on behalf of Age Reversal Unity must be filed by an attorney.

## CONCLUSION

Because Plaintiff Age Reversal Unity cannot appear *pro se*, and Ali Afshar, who is not an attorney, cannot represent an entity, the Court dismisses this action. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated: July 24, 2024
New York, New York

  MARGARET M. GARNETT
  United States District Judge